# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARRINGTON CAMPBELL | * | |
| v. | * | Civil No. CCB-13-670 |
| | | Crim. No. CCB-07-0232 |
| UNITED STATES OF AMERICA | * | |
| | * | |
| *** | | |

## MEMORANDUM

Pending are petitioner Harrington Campbell's ("Campbell") motion to vacate filed pursuant to 28 U.S.C. § 2255 (ECF No. 104), the Government's response thereto (ECF No. 106), and Campbell's replies (ECF Nos. 107, 110, & 111).

On April 7, 2008, after a five-day jury trial, Campbell was found guilty of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count One); causing, and attempting to cause, a domestic financial institution to fail to file a report required under 31 U.S.C. § 5313(a) and the regulations promulgated thereunder, in violation of 31 U.S.C. §§ 5324(a)(1), (d)(1), and (d)(2) (Count Two); and structuring, assisting in structuring, and attempting to structure transactions with a financial institution, in violation of 31 U.S.C. §§ 5324 (a)(3), (d)(1), and (d)(2) (Count Three). On August 8, 2008, the court sentenced Campbell to a term of imprisonment of 130 months as to Count One, 60 months as to Count Two, and 60 months as to Three; Counts Two and Three were to run concurrently with Count One. (ECF No. 79.)

Campbell noted a timely appeal. On October 16, 2009, the Fourth Circuit affirmed Campbell's convictions and sentences. *United States v. Campbell*, 347 Fed. App'x 923 (4th Cir.

2009). His petition for writ of certiorari to the Supreme Court was denied on March 29, 2010. *United States v. Campbell*, 130 S. Ct. 2081 (2010).

On June 18, 2012, Campbell filed a motion for extension of time to file a § 2255 petition. The motion was denied on July 18, 2012. The court advised Campbell that he should promptly file his motion to vacate and that, because this filing would come after the one-year limitations period, he may wish to submit an argument for equitable tolling. (ECF No. 103.) On March 4, 2013, Campbell filed his § 2255 petition.

In this case, Campbell's conviction became final on March 29, 2010, when the Supreme Court declined review. When Campbell filed the motion to vacate on March 4, 2013, the one-year limitations period had already expired. After receipt of the Government's response, Campbell was given an additional opportunity to explain why his petition was timely. (ECF No. 109.)

In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations imposed in habeas actions. *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show that: (1) he has diligently pursued his rights; and (2) some extraordinary circumstance prevented timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the particular circumstances of each case. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).[1]

Campbell indicates that he retained private counsel to file a § 2255 motion on his behalf but counsel abandoned him. According to Campbell, he and counsel were aware of the

---

[1] *See also Lusk v. Ballard*, No. 2:10CV5, 2010 WL 3061482, at *6 (N.D. W. Va. July 22, 2010) (deciding that the Fourth Circuit's test for equitable tolling, as set forth in *Harris*, "remains virtually unchanged" after *Holland*). Unpublished opinions are for the soundness of their reasoning, not for any precedential value.

limitations period imposed on motions filed under § 2255. His recitation of the dates on which he received correspondence from his attorney and/or discovered his motion had not been filed is not a picture of clarity. He indicates that on March 1, 2011, the firm wrote to him, advising him that a petition must be filed before March 29, 2011. The firm also advised him that it would not file the petition until it received payment. Campbell states that he did not receive that letter until April 11, 2011. (ECF No. 104, Aff.) He also offers that, on September 29, 2011, he received a letter dated June 7, 2011; in that letter, his attorney advised him that the § 2255 had not been filed and the statute of limitations had run. (ECF Nos. 104 & 111.) To explain the delay in receiving the letters, Campbell indicates that he was in transit between prison facilities.

To the extent Campbell blames his late filing on allegedly ineffective assistance of counsel, he provides no grounds for equitable tolling. As a general matter, ineffective assistance of counsel does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (citations omitted). *But see Maples v. Thomas*, 132 S. Ct. 912, 922-23 (2012) (reasoning that there may be cause for procedural default where attorney "abandons his client without notice, and thereby occasions the default"); *Holland*, 130 S. Ct. at 2564-65 (remanding to determine whether ineffective assistance warranted tolling in view of diligence exercised by inmate). Equitable tolling based upon attorney negligence may be available in cases that are "more egregious than a garden variety claim of excusable neglect." *United States v. Oriakhi*, 394 Fed. App'x 976, 977 (4th Cir. 2010) (citation and internal quotation marks omitted).

In this case, Campbell fails to provide any evidence to corroborate his otherwise conclusory allegations that counsel abandoned him. There is nothing in the record to demonstrate that counsel hindered him from filing his motion as a pro se litigant. Additionally, it is uncontroverted that he was aware of the limitations period for filing his motion. Assuming he

was in transit during the time the § 2255 petition was due, Campbell offers no explanation for his failure to contact counsel or the court to verify that the motion had been filed. Nor has Campbell demonstrated that the firm was actually retained to represent him; rather he indicates that there was a dispute as to the fee arrangement. To be sure, counsel had an ethical and professional obligation to timely advise Campbell as to the status of the motion. In this case, however, Campbell's own inaction in failing to update his family and counsel as to his location (as well as the failure to pay the fee) contributed, if not caused, the disruption in communication with the attorney. Campbell, in short, fails to provide any causal connection between counsel's alleged deficiencies and his eventual filing of this § 2255 motion approximately two years after the conclusion of his direct appeal.

Further, Campbell's transfer to another Bureau of Prisons facility does not present the rare instance when it would be unconscionable to enforce the limitations period. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (suggesting that prison conditions, such as transfers, lockdowns, or misplacement of legal papers, do not generally provide a basis for equitable tolling), *aff'd*, 545 U.S. 353 (2005).

Campbell also fails to demonstrate the necessary diligence to be entitled to equitable tolling. Even though the addenda filed on November 4, 2013, (ECF No. 112), show that he was attempting to obtain evidence regarding his case, he did not provide any notification to the court that he intended to file a § 2255 petition. Indeed, he waited approximately one year between learning that retained counsel had failed to file on his behalf and filing the request for extension of time with the court. When the request for extension was denied and he was specifically advised to act promptly, he waited an additional seven months to file the motion. Campbell has

offered no explanations for these delays.  Rather he is seeking extraordinary relief on the basis of ordinary inconveniences inherent to incarceration, which provide no grounds for tolling.

Campbell's self-represented status and any attendant lack of knowledge of the law is likewise not the type of extraordinary circumstance to justify equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "ignorance of the law is not a basis for equitable tolling"); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation).  In short, there were no "extraordinary circumstances" beyond Campbell's control preventing him from complying with the statutory time limit.  Accordingly, there is no basis for equitable tolling, and the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.  Because Campbell has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

A separate Order follows.


November 5, 2013                                /s/
Date                            Catherine C. Blake
                                United States District Judge